RAFFAELE D'ALOIA, PLAINTIFF AND APPELLANT, v.
UNIONE FRATELLANZA ITALIANA, OF VINELAND,
DEFENDANT AND RESPONDENT.

Submitted March 24, 1913—Decided June 18, 1913.

1. When a motion for a compulsory nonsuit is based on the opening
   statement of counsel, plaintiff is entitled to the benefit of all
   facts proposed to be proved, and in reviewing the legality of the
   nonsuit the court of review must regard them as proved.
2. A member of a benevolent association against whom proceedings
   are pending, which have expulsion for their object, is entitled to
   notice so that he may make such defence as he may have to the
   charges upon which the proceedings are based.
3. A member of a benevolent association, wrongfully expelled, may
   sue for damages, and is not remitted to *mandamus* to ·compel
   reinstatement.

On appeal from the Cumberland Circuit Court.

For the appellant, *Henry S. Alvord.*

For the respondent, *Herbert C. Bartlett.*

The opinion of the court was delivered by

TRENCHARD, J.　The plaintiff below was a member of an
association incorporated under an act entitled "An act to in-
corporate benevolent and charitable associations," approved
April 9th, 1875. He was expelled therefrom, and brought
this suit in the Cumberland Circuit Court against such asso-
ciation to recover damages for such expulsion, claiming it to
have been illegal.

At the trial the learned trial judge granted a nonsuit based
upon the opening statement of counsel of the plaintiff, and
from the consequent judgment the plaintiff appeals pursuant
to the Practice act, 1912.

We are of opinion that the nonsuit was erroneous.

It appeared from such opening statement of counsel that

the plaintiff proposed to prove in effect that he was a charter member of the defendant benevolent association, whose main object was and is the relief of sick members; that, while such member, such association, in his absence, and without any notice whatever having been given to him that any charge was to be made against him, expelled him from membership, and thereby he has been deprived of the benefits of membership in the association.

Now, of course, when a motion for compulsory nonsuit is based on the opening statement of counsel, plaintiff is entitled to the benefit of all facts proposed to be proved, and in reviewing the legality of the nonsuit, we must regard them as proved.

Clearly, the facts proposed to be proved constituted an illegal expulsion. A member of a benevolent association against whom proceedings are pending which have expulsion for their object is entitled to notice, so that he may make such defence as he may have to the charges upon which the proceedings are based. *Venezia* v. *Italian Mutual Benevolent Society of Perth Amboy,* 45 *Vroom* 433; *Berkhont* v. *Royal Arcanum,* 33 *Id.* 103; *Sibley* v. *Carteret Club of Elizabeth,* 11 *Id.* 295.

No doubt the trial judge recognized that rule. It appears that he granted the nonsuit upon the theory that the plaintiff must content himself with reinstatement through *mandamus,* and cannot sue for damages.

But such is not the law. The true rule is that a member of a benevolent association, wrongfully expelled, may sue for damages, and is not remitted to *mandamus* to compel reinstatement. It was, in effect, so declared at Circuit by Mr. Justice Dixon in *Schmidt* v. *Social Turnverein,* 6 *N. J. L. J.* 57, and was recognized by this court in *Brennan* v. *United Hatters,* 44 *Vroom* 729. And such is the great weight of authority in other jurisdictions. See cases collected in 29 *Cyc.* 203 and 9 *Am. & Eng. Encycl. L.* (*2d ed.*) 503.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, MINTURN,
KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TER-
HUNE, HEPPENHEIMER, JJ.   15.